**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**DARIA EDEN**                                    CASE NO.  6:25-CV-02095

**VERSUS**                                        JUDGE ROBERT R.
                                                  SUMMERHAYS

**KEVINS SEAFOOD LAFAYETTE LLC**   MAGISTRATE JUDGE CAROL B.
**ET AL**                                         WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. 6). Plaintiff opposed the motion (Rec. Doc. 12), and Defendants replied (Rec. Doc. 13). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the Court's standing orders. Considering the evidence, the law, and the parties' arguments, and for the following reasons, the Court recommends that Defendants' Motion be granted.

## Facts and Procedural History

Plaintiff filed this suit in December 2025 against her former employer, Kevin's Seafood Lafayette, LLC operating together with New Kevin's Seafood, Inc. (collectively "Kevin's Seafood"), and Kevin's Seafood co-owner, Chun Geng Lin, asserting claims for violations of the Americans with Disabilities Act (ADA), Title VII, and Louisiana Employment Discrimination Law (LEDL) and state tort claims.

She alleges that she is a brain tumor survivor who suffers from partial paralysis limiting her range of movement, vision, and speed at which she can work. (Rec. Doc. 3, ¶18-19). In August 2024, she interviewed with Chun Pin "Cathy" Lin, co-owner of Kevin's Seafood, for a cashier position. (¶20-21). She alleges that her disability was visibly apparent, that she disclosed her disability and limitations, and that Ms. Lin assured her that this would not be an issue. (¶23-25).

Plaintiff alleges that she reported for her first shift and trained for approximately three hours on Defendants' systems and performed her job responsibilities without issue and without customer complaints. (¶27-29). Later during her first shift, she alleges that co-owner of Kevin's Seafood, Chun Geng Lin, "told her to go find another job…because you're only using one arm." (¶30-36). Plaintiff responded, "You're saying to find another job because basically [] I have a disability and I'm not bagging fast enough." The manager allegedly responded, "Yeah, you need two hands." Plaintiff alleges she recorded this conversation. (¶37-38). She was terminated that day and later, in January 2025, filed a charge of discrimination with the EEOC. (¶39-40).

Plaintiff, a Black woman, further alleges that Defendants' actions were racially motivated, as evidenced by their actions against a Black DoorDash worker. She alleges that in September 2025, Defendants gave a DoorDash worker the wrong order, failed to correct the mistake, wrongfully accused the DoorDash worker of

2

theft, and publicly posted a photo of the worker from their surveillance cameras. Defendants allegedly later admitted that approximately five orders are stolen per day, and that they purposefully selected the worker's image for their post about stolen orders, thereby suggesting racial animus. (¶44-51).

Plaintiff asserts claims against Kevin's Seafood for violations of the ADA (¶62-73), Title VII (discrimination based on race) (¶74-79), and LEDL (¶81-90). She asserts claims against Chun Lin for negligence and negligent infliction of emotional distress. (¶92-101). Defendants move to dismiss Plaintiff's claims against Mr. Lin and her claim for Title VII discrimination.

## Law and Analysis

### I.    Rule 12(b)(6) Standard

The defendant may challenge the complaint for failing to state a claim with a motion to dismiss under F.R.C.P. Rule 12(b)(6). When considering a motion to dismiss for failure to state a claim, the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser*

*Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5ᵗʰ Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II.    Claims against Chun Geng Lin

Defendants move to dismiss all claims against Mr. Lin, arguing that Plaintiff cannot state claims for ADA or LEDL violations against an individual non-employer. Although Defendants' argument is legally sound (see discussion in *Lau v. Thrifty Disc. Liquor & Wines,* No. CV 23-1685, 2024 WL 3708103, at *2 (W.D. La. Aug. 7, 2024), citing cases), the Court does not interpret the complaint to assert ADA, Title VII, or LEDL claims against Mr. Lin. The complaint explicitly states that Plaintiff's claims for ADA violations, Title VII discrimination, and LEDL violations are against Kevin's Seafood Defendants. (Rec. Doc. 3, p. 7; 9; 10).

Plaintiff's only claim against Mr. Lin is her Fourth Cause of Action for state law negligence and negligent infliction of emotional distress. (Rec. Doc. 3, p. 11).

Defendants correctly argue that the LEDL does not permit a plaintiff to also assert a state tort claim pursuant to La. C.C. art. 2315. See *Roberson-King v. Louisiana Workforce Comm'n, Off. of Workforce Dev.,* 904 F.3d 377, 380 (5th Cir. 2018) (holding that the district court correctly dismissed the plaintiff's La. C.C. art. 2315 claim, because such a claim is inconsistent with LEDL). Plaintiff counters that she did not assert an LEDL claim against Mr. Lin—only a state law negligence claim (specifically negligent infliction of emotional distress ("NIED")). However, courts have held that the LEDL supplants La. C.C. art. 2315 claims against *any* defendant. See e.g. *Thomas v. United Rentals, Inc.,* No. CV 21-510-JWD-EWD, 2022 WL 17834073, at *6 (M.D. La. Aug. 9, 2022) (finding the plaintiff had no viable negligence claims against the employer and individual supervisors based on LEDL's exclusive application to discrimination claims). Thus, because Plaintiff has asserted discrimination claims, she cannot assert negligence-based claims against any defendant, including Mr. Lin.

### III.   Title VII Claims

In employment discrimination cases, under the *McDonnel Douglas* framework, if the plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to the employer to provide a legitimate, non-discriminatory reason for the action. *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.,* 719 F.3d 356, 362–63 (5th Cir. 2013). In order to clear the

initial hurdle, the plaintiff must show (1) that she is a member of a protected class; (2) that she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. *Id*. at 363.

The parties do not dispute that Plaintiff, a Black female, is a member of a protected class or that her termination constituted an adverse employment action. Plaintiff did not specifically plead allegations regarding her qualifications, but the Court must consider the allegations in Plaintiff's favor and thus interprets the allegations to show that she was qualified. However, Plaintiff's allegations fail to show that she was replaced by someone outside the protected class or treated less favorably than similarly situated employees. The only allegations purporting to show racial animus are regarding a DoorDash worker (not a Kevin's Seafood employee) in an incident which occurred over a year after Plaintiff's termination. Further, Plaintiff's allegations show that she was terminated due to her disability—rather than due to a discriminatory motive. Indeed, Kevin's Seafood had allegedly hired her, a Black woman, mere hours before her termination.

Plaintiff argues that having been employed for only three hours, she did not have the opportunity to identify and observe treatment of similarly situated employees, and that she should be permitted the opportunity to conduct discovery.

"[D]iscovery is not a license to fish for a colorable claim." *Juan Antonio Sanchez, PC v. Bank of S. Texas*, 494 F. Supp. 3d 421, 431 (S.D. Tex. 2020), citing *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015). The Court finds that Plaintiff's allegations do not satisfy the plausibility standard and are insufficient to support a Title VII discrimination claim.

### Conclusion

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss (Rec. Doc. 6) be GRANTED. Plaintiff's claims against Mr. Lin and her Title VII claim should be dismissed with prejudice, allowing her ADA and LEDL claims based on disability discrimination to proceed against the Kevin's Seafood Defendants.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[1] To the extent plaintiff asserts a claim for race discrimination under the LEDL, that claim should be dismissed for the reasons set forth for dismissal of plaintiff's Title VII claims.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of May, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE